J-S16036-18

2018 PA Super 131

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY MICHAEL BANEY | : | |
| | : | No. 1530 MDA 2017 |
| Appellant | : | |

Appeal from the Order Entered September 7, 2017
in the Court of Common Pleas of Clinton County
Criminal Division at No.:  CP-18-CR-0000109-2002

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

OPINION BY PLATT, J.:                                    **FILED MAY 18, 2018**

Appellant, Jeremy Michael Baney, appeals from the trial court's order denying his motion for resentencing after it vacated his sentence of restitution. We affirm.

We take the following pertinent factual and procedural background from the trial court's September 7, 2017 opinion and our independent review of the certified record.  On May 19, 2003,[1] Appellant entered a negotiated guilty plea to twenty-one counts of possession with intent to deliver (PWID), five counts of dealing in proceeds of unlawful activity, and one count each of criminal

_____

[1] Appellant entered the guilty plea on May 19, 2003, in open court.  It was docketed on May 20, 2003.

_____

*   Retired Senior Judge assigned to the Superior Court.

conspiracy and criminal use of a communication facility.[2] The charges arose from Appellant's involvement in a multiple county drug ring in central Pennsylvania, from 1997 to 2001. On August 11, 2003, pursuant to the agreement, the trial court sentenced Appellant to an aggregate term of incarceration of not less than twenty nor more than thirty-nine years,[3] plus $50,000.00 in fines, and an aggregate restitution amount of $12,621.93, payable to the Pennsylvania Office of the Attorney General (OAG) and the Pennsylvania State Police (PSP). This Court affirmed Appellant's judgment of sentence on September 3, 2004, and the Pennsylvania Supreme Court denied permission for further review on June 7, 2005.[4] (*See Commonwealth v. Baney*, 860 A.2d 127 (Pa. Super. 2004), *appeal denied*, 877 A.2d 459 (Pa. 2005)).

---

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 5111(a)(1), 903(a), and 7512(a), respectively.

[3] As observed by a previous panel of this Court in Appellant's appeal from the denial of his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546: "[T]he departure of the trial court from the general rule of sentencing that the minimum sentence be one-half the maximum sentence was due to the applicability of mandatory minimum sentences. *See Commonwealth v. Hockenberry*, 689 A.2d 283, 289 (Pa. Super. 1997), *appeal denied*, 695 A.2d 784 (Pa. 1997)." *Commonwealth v. Baney*, No. 419 MDA 2008, unpublished memorandum, at *1 n.1 (Pa. Super. filed Oct. 16, 2008) (some citation formatting provided).

[4] Thereafter, between July 2005 and August 2016, Appellant filed myriad petitions, motions, and appeals, which we will not include herein, except to the extent necessary for our review.

Appellant filed a petition to modify restitution on March 3, 2017. (**See** Petition to Modify Restitution, 3/03/17). On June 9, 2017, after holding a conference with counsel, allowing the parties to brief the issue, and with the Commonwealth's agreement, the court vacated the restitution payable to the OAG and PSP.[5] On June 23, 2017, Appellant filed a *pro se* motion for modification of sentence,[6] in which he sought resentencing on all counts of the complaint. (**See** Motion to Modify Prison Sentence, 6/23/17, at unnumbered page 2 ¶ 10). The court denied the motion on September 7,

_____

[5] On November 22, 2016, our Supreme Court held that the Pennsylvania Department of Community and Economic Development was "neither a 'direct victim' nor a reimbursable compensating government agency under section 1106[ of the Crimes Code]." **Commonwealth v. Veon**, 150 A.3d 435, 455 (Pa. 2016) (footnote omitted).

[6] "In this Commonwealth, hybrid representation is not permitted. . . . [I]ndeed, *pro se* motions have no legal effect and, therefore, are legal nullities." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (citations omitted). Here, in his *pro se* filing, Appellant represented that counsel failed to file the requested motion before leaving on vacation, and counsel appeared at the hearing to argue the motion on Appellant's behalf. Under these circumstances, the trial court acted within its discretion in addressing the merits of the hybrid filing. **See Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1999), *cert. denied*, 528 U.S. 975 (1999) ("[D]ecision whether to allow [] hybrid representation is within the sound discretion of the trial court.") (citation omitted).

2017, after a hearing.[7]  Appellant filed a motion for reconsideration that the court denied, and Appellant timely appealed.[8]

Appellant raises one question for our review:  "Whether the [trial] court committed an error of law and/or abuse of discretion in failing to re-sentence the Appellant after modifying the restitution aspect of [his] sentence?" (Appellant's Brief, at 6) (unnecessary capitalization omitted).  Appellant's issue lacks merit.

"In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence."  **Commonwealth v. Stradley**, 50 A.3d 769, 771 (Pa. Super. 2012) (citation and internal quotation marks omitted).

Pursuant to section 1106(c)(3) of the Crimes Code:

The court may, **at any time** or upon the recommendation of the district attorney that is based on information received from the victim . . . alter or amend any order of restitution . . . provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S.A. § 1106(c)(3) (emphasis added).

_____

[7] The motion also sought argument on Appellant's request to view sealed documents.  (**See** Motion, 6/23/17, at unnumbered pages 1-2).  Because this is not pertinent to this appeal, we mention it only for completeness.

[8] Appellant filed a timely court-ordered statement of errors raised on appeal on November 8, 2017.  The court filed an opinion on November 15, 2017 in which it relied on the reasons stated in its September 7, 2017 opinion and order.  **See** Pa.R.A.P. 1925.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

Here, Appellant maintains that, because it vacated his restitution, the court was required to "resentence [him] on all counts to which he entered guilty pleas[.]" (Appellant's Brief, at 9; ***see id.*** at 9-12). We disagree.

It is well-settled that:

[I]f a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that the court can restructure its entire sentencing scheme. This has been held true even where Appellant specifically limits his appeal to one particular illegal sentence based upon one bill of information and does not appeal sentences based upon other bills of information, where those sentences are part of a common sentencing scheme.

***Commonwealth v. Bartrug***, 732 A.2d 1287, 1289 (Pa. Super. 1999), *appeal denied*, 747 A.2d 896 (Pa. 1999) (citations omitted) (holding that, under circumstances, PCRA court did not abuse its discretion in vacating entire sentence before resentencing, rather than addressing only illegal part of sentence); ***see also Veon***, ***supra*** at 456 (remanding for resentencing where vacating sentence of imprisonment and restitution left the "comprehensive sentencing scheme unmoored from its foundation.").

Here, as observed by the trial court:

> This court must conclude that the restitution in and of itself was not a major consideration of the sentencing judge . . . , that the vacation of the restitution portion of the sentencing order did not unmoor the foundation of the comprehensive sentencing scheme . . . , and finally that it was not a critical part of the sentencing scheme . . . .

(Trial Court Opinion, 9/07/17, at 6) (unnecessary capitalization omitted).

We agree with the trial court. It is uncontested that, with the Commonwealth's agreement, the trial court vacated Appellant's restitution based on Appellant's motion contesting the legality of the restitution order. (*See id.* at 3; Appellant's Brief, at 7, 9; Commonwealth's Brief, at 5). The court did not disturb the overall sentencing scheme of not less than twenty nor more than thirty-nine years' imprisonment by vacating restitution. Therefore, the court was not required to resentence Appellant on all counts, and it did not abuse its discretion in denying Appellant's motion requesting that it do so. *See Antidormi*, *supra* at 760; *see also Veon*, *supra* at 455; *Bartrug*, *supra* at 1289.[9] Appellant's issue does not merit relief.

_____

[9] We note that, in *Commonwealth v. Berry*, 167 A.3d 100 (Pa. Super. 2017), this Court vacated a defendant's judgment of sentence and remanded for resentencing where the restitution portion of the sentence was illegal. *See id.* at 110. However, that case is factually distinguishable. In *Berry*, the defendant only was sentenced to probation and restitution. *See id.* at 103-04. Therefore, this Court concluded that vacating for resentencing was appropriate where "the restitution was a critical part of the sentencing scheme." *Id.* at 110. Conversely, here, by vacating the order for restitution, the court did not upset what was the critical part of the sentence, the aggregate sentence of twenty to thirty-nine years' imprisonment. *Id.*

Additionally, in the interest of a full analysis, we observe the following. It appears to this Court that the issue presented by this case would not have arisen if the trial court and counsel employed the precise use of the words, "restitution" and "costs of prosecution."

It is well-established that the Commonwealth is not a victim entitled to restitution. However, what the Commonwealth **is** statutorily authorized to receive are costs of prosecution. **See** 18 Pa.C.S.A. § 9728(g) ("Any . . . costs associated with the prosecution[] shall be borne by the defendant[.]"); 16 P.S.A. § 7708 ("[T]he expenses of the district attorney, in connection with [the] prosecution, shall be considered a part of the costs of the case[] and be paid by the defendant."). These costs include, but are not limited to, the costs of convening an investigating grand jury, expert witness fees, clerk costs, "buy money," and other expert witness costs to investigate these crimes. **See Commonwealth v. Garzone**, 993 A.2d 1245, 1258-59 (Pa. Super. 2010), *affirmed*, 34 A.3d 67 (Pa. 2012).

Instantly, it appears from review of the case file that the trial court did not actually intend that Appellant pay true restitution, as defined by the Crimes Code, to the Commonwealth. Instead, what was intended was that Appellant pay the costs of prosecution incurred by the OAG and PSP in

investigating and prosecuting his case.[10]   However, imprecisely using the word, "restitution," resulted in these costs being vacated.  We caution courts and counsel in such cases of the necessity of the accurate use of the terms, "restitution" and "costs of prosecution" at sentencing when attempting to recover "buy money," grand jury costs, costs of investigations, or witness fees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/18

_____

[10] This is confirmed in the order entered by the PCRA court that decided Appellant's second PCRA petition, and attempted to amend the "restitution" portion of the sentence to read, "costs of prosecution."  (PCRA Ct. Order, 3/13/13, at 2).  Unfortunately, this Court was required to vacate the PCRA court's order because Appellant's petition was untimely, and the PCRA court lacked jurisdiction.