J-A15015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLEN HIGGS | : | |
| | : | |
| Appellant | : | No. 2361 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 16, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004765-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLEN HIGGS | : | |
| | : | |
| Appellant | : | No. 2362 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 16, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000934-2016

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                     **FILED NOVEMBER 9, 2021**

Carlen Higgs appeals from the November 16, 2020 order which revoked his prior probationary sentences and imposed concurrent one-year terms of probation with a restitution order of $170, payable to the Upper Darby Police Department.  At CP-23-CR-0000934-2016 (hereinafter "2016 case"), we vacate Appellant's sentence and remand for imposition of his June 25, 2019 revocation sentence.  At CP-23-CR-0004765-2017 (hereinafter "2017 case"),

we vacate Appellant's sentence, vacate the finding of a probation violation, and remand for a new probation revocation hearing.

In 2015, Appellant was arrested for a domestic dispute after he punched his paramour while he was a passenger in a vehicle she was driving. Appellant was charged with simple assault, recklessly endangering another person ("REAP"), harassment, and disorderly conduct. On March 22, 2016, Appellant entered a negotiated guilty plea to simple assault and REAP, in exchange for a sentence of time served up to twenty-three months of incarceration and a consecutive two years of probation. Appellant received 105 days credit for time served and was ordered to pay court costs, complete mental health and drug and alcohol evaluations, and comply with any treatment recommendations as a condition of his probation.

On July 6, 2017, Appellant was taken into custody by the Upper Darby Township Police for public drunkenness, disorderly conduct, and a Delaware County bench warrant. While in custody, Appellant stripped off all of his clothing, defecated in his cell, and smeared the fecal matter on the lens of the surveillance camera and the walls of his cell. As a result, Appellant was charged with institutional vandalism.

Appellant later entered a negotiated guilty plea for the 2017 institutional vandalism charge. In accordance with the plea agreement, the court ordered Appellant to serve two years of probation, to pay $170 in restitution to the Upper Darby Police Department, and to undergo a drug and alcohol evaluation and follow the recommendations of the evaluation. Since Appellant stipulated

that pleading guilty to institutional vandalism caused him to violate the terms of his parole on the 2016 case, the court also held a parole and probation revocation hearing. At the conclusion of the hearing, the trial court revoked Appellant's parole and probation, resentencing him to serve 448 days of parole back time for the simple assault and a consecutive two years of probation for REAP.[1] The probationary term was run consecutive to the parole back time, but concurrent to the probationary sentence imposed in the institutional vandalism case.

In 2019, Appellant entered a negotiated guilty plea for summary disorderly conduct. This conviction caused Appellant to violate his parole and probation in both cases again. On June 25, 2019, the trial court held a second parole and probation revocation hearing. At the hearing, Appellant stipulated to the violations of his two prior sentences of probation and parole, and the court revoked both. For the 2016 case, the court ordered Appellant to serve 152 days of back time with immediate parole for the simple assault and a

---

[1] At the 2017 revocation hearing, the trial court revoked Appellant's parole and anticipatorily revoked a sentence of probation Appellant had not yet begun to serve for the 2016 case. At the time, the long-standing precedent empowered trial courts with the ability to anticipatorily revoke probation sentences. *See Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa.Super. 1980). Recently, this court disavowed *Wendowski*, holding that Pennsylvania sentencing courts lack the statutory authority to revoke a probationary sentence when a defendant commits a new crime before his probation has commenced. *See Commonwealth v. Simmons*, ___ A.3d ___, 2021 PA Super 166, 2021 WL 3641859 (Pa.Super. 2021) (*en banc*). However, since the 2017 revocation sentence is not before us and Appellant's current sentence did not involve an anticipatory probation revocation, the *Simmons* holding is not implicated here.

consecutive two years of probation. For the 2017 case, the court imposed a new two-year term of probation and ordered Appellant to pay $170 in restitution. As a condition of Appellant's probation at both cases, the court also ordered Appellant to pay court costs, follow the recommendations for an updated drug and alcohol evaluation, and to enroll in mental health treatment.

On November 16, 2020, a third probation revocation hearing, which is the subject of the instant appeal, was held for both cases. While Appellant had completed his parole, the Commonwealth alleged that Appellant had violated his probation by failing to pay his $170 restitution, by committing a new crime, and for failing to comply with mental health treatment. Although the Commonwealth presented no sworn witnesses to prove the alleged violations, Appellant agreed that he had not paid any restitution. *See* N.T. Revocation Hearing, 11/16/20, at 8. However, he did not agree that he was guilty of violations in connection with his mental health treatment compliance or that he had committed a new crime. *Id*. at 9-10. At the conclusion of the hearing, the trial court found Appellant in violation of his probationary sentences. At the 2016 case, the court issued a one-year term of probation and ordered Appellant to enroll in intensive outpatient mental health and drug and alcohol treatment, and to pay court costs. At the 2017 case, the court issued a concurrent one-year probation sentence and ordered Appellant to enroll in intensive drug and alcohol and mental health treatment and to pay $170 in restitution.

Appellant filed separate, timely notices of appeal and complied with the trial court's order to submit Pa.R.A.P. 1925 concise statements at each case. The trial court issued its opinion. At Appellant's request, we consolidated his two appeals for review.

Appellant raises the following issues:

1.  Was not the evidence introduced at the probation revocation hearing insufficient as a matter of law to establish a violation of probation inasmuch as the Commonwealth failed to establish any violation of any condition of probation?

2.  Did not [A]ppellant's original sentence imposed on October 17, 2017 ordering restitution in the amount of $170.00 payable to Upper Darby Police Department constitute an illegal sentence inasmuch as Upper Darby Police Department was not a proper victim under 18 Pa.C.S. § 1106 at the time the sentence was imposed?

*See* Appellant's brief at 4.

When considering an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Perreault*, 930 A.2d 553, 557 (Pa.Super. 2007). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. 1996).

## 1. Sufficiency of the Evidence

In his first issue, Appellant alleges that the Commonwealth failed to meet its burden to establish a violation of a condition of probation at either case. *See* Appellant's brief at 13. First, since the restitution imposed in the 2017 case was illegal, Appellant alleges that the fact that he failed to pay restitution cannot be utilized as grounds justifying revocation. Without his stipulation for failing to pay his restitution, Appellant contends that the evidence was insufficient to sustain the probation violation at the 2017 case. In the 2016 case, Appellant was never ordered to pay restitution. Since his failure to pay restitution was the only condition that Appellant stipulated to violating, Appellant contends that there was no evidence that he violated any of the conditions of his probation and the revocation sentence in the 2016 case should also be vacated. *Id*. at 14-15. We consider each argument individually below.

In conducting our analysis, we consider all the evidence actually admitted at the November 16, 2020 probation revocation hearing and do not review a diminished record. *See Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa.Super. 2011). Consequently, our examination is unaffected by our subsequent resolution of the restitution issue raised by Appellant in his second claim.

A challenge to the sufficiency of the evidence is

a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable

inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

*Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa.Super. 2007). For a trial court to find an individual in violation of probation, the trial court "must find, based upon a preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime[.]" *See Commonwealth v. Foster*, 214 A.3d 1240, 1243 (Pa. 2019); *see also* 42 Pa.C.S. § 9771. "Absent such evidence, a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct." *Id*. "Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity." *Id*. at 1251.

### A. Sufficiency: The 2017 Case

Here, a review of the record demonstrates that, pursuant to the June 25, 2019 violation of probation for the 2017 case, Appellant, in addition to being sentenced to two years of probation, was required to follow the recommendations of the updated drug and alcohol evaluation, enroll in mental health treatment, and to pay his restitution. *See* N.T. Revocation Hearing, 6/25/19, at 4. At the November 16, 2020 revocation hearing, the

Commonwealth sought revocation of probation on the grounds that Appellant failed to pay his restitution. *See* N.T. Revocation Hearing, 11/16/20, at 4-5.

Appellant stipulated that he had not paid his restitution as follows:

The Court: Does [Appellant] agree with the violations?

[Defense Attorney]: Do you knowledge you have not paid the money, is that correct?

[Appellant]: Yes. I can probably borrow the money and pay it. It's only $170. I can probably borrow the money.

The Court: That would be good.

*Id*. at 8 (unnecessary capitalization omitted).

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, there is sufficient evidence to prove by a preponderance of the evidence that Appellant violated a specific condition of his probation. A specific condition of Appellant's 2017 case probation was that he would pay restitution. At the revocation hearing, Appellant, while not disputing the validity of the restitution portion of his sentence, admitted that he had not made any restitution payments. Therefore, there was sufficient evidence to support the trial court's finding that Appellant violated a specific condition of his probation in the 2017 case.

## B. Sufficiency: The 2016 Case

We next consider Appellant's challenge to the sufficiency of the evidence to support the revocation of his 2016 sentence. At the 2019 revocation hearing on the 2016 case, the trial court ordered Appellant to serve his

remaining 152 days of parole back time and a consecutive two-years of probation. As conditions of his probation, Appellant was ordered to follow the recommendations of the updated drug and alcohol evaluation, enroll in mental health treatment, and pay his court costs. *See* N.T. Revocation Hearing, 6/25/19, at 3. Appellant was never required to pay restitution in connection with the 2016 case.

At the November 16, 2020 revocation hearing on the 2016 case, the Commonwealth sought revocation of probation on the grounds that Appellant had been charged with committing a new crime and had "some mental health issues." *Id*. at 4-5. The Commonwealth provided no information regarding the existence or status of a new criminal case or how Appellant's "mental health issues" constituted a violation of probation. Instead, the probation violation hearing focused entirely upon Appellant's failure to pay restitution in his 2017 case. The court even questioned the probation officer as to whether the cases should be closed if Appellant paid off the restitution:

> The Court: What's your feeling if he paid off the restitution if he does? What would you want --
>
> [Probation Officer]: Case be closed. I'm not opposed, Your Honor, considering --
>
> The Court: Okay. Okay. So we'll put him on --
>
> [Commonwealth]: Is there still a requirement - - I guess I'm confused because you're also ordering that he do the outpatient mental health and drug and alcohol.
>
> [Probation Officer]: That was originally --

- 9 -

[Commonwealth]: So are you saying he doesn't need that because what I'm asking if he comes up with $170 you're saying you would just close the case and not ask him to get any of the --

[Probation Officer]: He could get another assessment and see if he needs the drug and alcohol treatment. Mental health is ongoing. I mean that's not going to stop with anyone.

The Court: Yeah, that's for sure. Okay.

*Id*. at 9 (unnecessary capitalization omitted).

Our review of the certified record confirms Appellant's contention that the Commonwealth presented no evidence to support a probation violation in the 2016 case. While the trial court did not explicitly state its reasoning for revoking Appellant's probation in the 2016 case, its questioning about whether it should close the cases once restitution was paid suggests that the court found that Appellant had violated his probation on both cases due to his failure to pay restitution on the 2017 case. In its opinion, the trial court explained that sufficient evidence existed to support revocation because Appellant had "stipulated to receiving notice of the time, date, nature and location of the **Gagnon II** proceeding, and to the **violation**." Trial Court Opinion, 1/19/21, at 3 (emphasis added). The court went on to discuss how its failure to discern whether Appellant had the ability to pay court costs did not render its resentencing order illegal. However, Appellant's outstanding court costs were not mentioned at the revocation hearing and the court did not explain what "violation" Appellant allegedly stipulated to. *Id*. at 3-4.

Nevertheless, the Commonwealth contends that Appellant's commission of a new crime and failure to enroll in mental health treatment constituted sufficient grounds to support the revocation of his probation at the 2016 case. *See* Commonwealth's brief at 12-13. Respectfully, we disagree.

First, while the unsworn probation officer mentioned the existence of a new criminal charge, the Commonwealth presented no evidence to demonstrate that a new crime had occurred. *See Commonwealth v. Banks*, 198 A.3d 391, 403 (Pa.Super. 2018) (upholding revocation of probation due to a *nolle prossed* criminal conviction because the Commonwealth introduced, and the court considered, evidence of the appellant's arrest, the charges filed, and the factual allegations in support thereof). We have long held that indication of an arrest alone, without evidence of the facts that supported the arrest, is not a sufficient basis to revoke probation. *See Commonwealth v. Sims*, 770 A.2d 346, 352 (Pa.Super. 2001) (holding that "an arrest alone, without facts to support the arrest, is not sufficient to revoke probation or parole"). Second, the probation officer merely stated that Appellant had mental health issues. The Commonwealth did not proffer evidence that Appellant had failed to enroll in mental health treatment as was required by his probation terms, but only the suggestion that his need for treatment remained. Simply put, the fact that Appellant's mental health issues had not resolved did not place him in violation of a specific condition of his probation.

In short, the Commonwealth presented insufficient evidence to support the finding that Appellant violated any conditions of his probation in the 2016 case. Since paying restitution was not a condition of Appellant's probation in that case, the revocation of Appellant's probation was improper. We, therefore, must vacate Appellant's judgment of sentence at CP-23-CR-0000934-2016 and remand for the revocation court to reinstate Appellant's June 25, 2019 revocation sentence, and recalculate the credit owed for the time served under his previous revocation sentence.[2]

## 2. Illegal Restitution Sentence

In his second issue, Appellant assails the sentencing court's order of restitution at the 2017 case. *See* Appellant's brief at 18. "In the context of criminal proceedings, an order of 'restitution is not simply an award of damages, but, rather, a sentence.'" *Commonwealth v. Atanasio*, 997 A.2d 1181, 1182-83 (Pa. Super. 2010) (quoting *Commonwealth v. C.L.*, 963 A.2d 489, 494 (Pa. Super. 2008)). "'[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.'" *Id*. at 1183 (quoting

---

[2] We are mindful that the June 25, 2019 trial court also anticipatorily revoked Appellant's probation at the 2016 case, which it would not be permitted to do today. *See Simmons*, *supra* at *10 (discussing 42 Pa.C.S. §§ 9721(a), 9754(c), 9771(b)). However, since after revocation, the 2019 trial court re-imposed the original probationary term of two years, Appellant has satisfied the parole portion of his sentence, and will receive credit for the probation already served, we find that reinstatement of the 2019 sentence will not run afoul of *Simmons*.

*Commonwealth v. Hughes*, 986 A.2d 159, 160 (Pa.Super. 2009)). Although Appellant raises this issue for the first time on appeal, a challenge to the legality of sentence cannot be waived by failure to raise it in prior proceedings. *See*, *e.g.*, *Commonwealth v. Snyder*, 251 A.3d 782, 794 (Pa.Super. 2021) (providing that the Pa.R.A.P. 302(a)'s prohibition against raising on appeals not presented in the trial court "does not apply to claims of an illegal sentence"). Appellant contends that the restitution portion of his sentence is illegal because the court ordered him to pay the Upper Darby Police Department, which, pursuant to *Commonwealth v. Veon*, 150 A.3d 435 (Pa. 2016), and *Commonwealth v. Hunt*, 220 A.3d 582, (Pa.Super. 2019), is not a "victim" under the version of the statute applicable in this case. *See* Appellant's Brief at 18-20. *See also* 18 Pa.C.S. § 1106 (effective January 1, 2005, to October 23, 2018). We agree.

In relevant part, former 18 Pa.C.S. § 1106, "Restitution for injuries to person or property," provided as follows:

> **(a) General Rule**.- Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> . . . .
>
> **(c) Mandatory Restitution**.-
>
> (1) The court shall order full restitution

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board.

. . .

(ii) if restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:

(A) The victim.

(B) The Crime Victim's Compensation Board.

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

. . . .

**(h) Definitions**. – As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

. . . .

**"Victim."** As defined in section 479.1[3] of the act of April 9, 1929 (P.L. 177, No. 175), known as the Administrative Code

---

[3] Section 479.1 or the Crime Victims Act, has been recodified in the Crime Victims Act, 18 P.S. §§ 11.101, *et seq*. The Act defines "victim" as follows:

*(Footnote Continued Next Page)*

of 1929. The term includes the Crime Victim Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S. § 1106 (footnote omitted).

In *Veon*, our Supreme Court scrutinized former § 1106 and determined that it applied to human beings only, explaining that a government agency was "neither a 'direct victim' nor a reimbursable compensating government agency under Section 1106." *Veon*, *supra* at 455. *See also Commonwealth v. Baney*, 187 A.3d 1020, 1024 (Pa.Super. 2018) ("It is well-established that the Commonwealth is not a victim entitled to restitution."). As a result of *Veon*, the legislature amended § 1106 to include

---

(1) A direct victim.

(2) A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.

(3) A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S. (relating to crimes and offenses) committed or attempted against a member of the child's family. . .

(4) A family member of a homicide victim. . .

18 P.S. § 11.103. A "direct victim" is defined by the same section as "[a]n individual against whom a crime has been committed or attempted and who as a direct result of the criminal act or attempt suffers physical or mental injury, death or the loss of earnings under this act." *Id*.

- 15 -

"government agenc[ies]" as victims. *See* 18 Pa.C.S. § 1106 (effective October 24, 2018).

Instantly, Appellant committed his crime, pled guilty, and was sentenced after *Veon* was issued, but before the amendment to § 1106 was enacted. However, the trial court still ordered Appellant to pay restitution to the Upper Darby Police Department, a government entity. Appellant was later re-sentenced for a probation violation after the enactment of the amendment. However, the offense date controls which version of § 1106 applies. *See Commonwealth v. Tanner*, 205 A.3d 388, 396 n.7 (Pa.Super. 2019) (holding that the specific amendments to § 1106 should not be effective in criminal cases that began before the effective date of the legislation, explaining that "[b]ecause the events that led to [a]ppellant's conviction occurred before October 24, 2018, [the since-repealed] version of the statute applies."). Therefore, this Court's holding in *Veon*, that the definition of "victim" under the former § 1106 does not apply to government agencies, controls. Accordingly, the restitution portion of Appellant's sentence at the 2017 case is illegal and is hereby vacated.

Having determined that the restitution component of Appellant's 2017 sentence is illegal, we must determine the impact of that decision on the 2020 revocation proceedings. The Commonwealth contends that, since the restitution was originally ordered as part of a negotiated plea agreement, the proper remedy is to vacate the original guilty plea and remand for a new trial

on all charges. *See* Commonwealth's brief at 9 (citing *Commonwealth v. Tanner*, 205 A.3d 388, 399-400 (Pa.Super. 2019) (vacating guilty plea and remanding for a new trial where restitution was ordered to an improper victim as a result of a negotiated plea agreement)). We disagree.

Unlike in *Tanner*, which involved a collateral appeal from the judgment of sentence, Appellant was resentenced in 2019 due to a probation violation after he was sentenced in accordance with his plea agreement, but before the instant probation violation. Thus, the sentence he was serving at the time of the instant alleged violations was not the one to which he and the Commonwealth had agreed in 2017, but one the trial court imposed in its own discretion in 2019. Consequently, by vacating the restitution portion of Appellant's sentence, we will not deprive the Commonwealth of any benefit for which it bargained, because the initial bargain was no longer in place. *See Commonwealth v. Wallace*, 870 A.2d 838, 843 (Pa. 2005) ("[A]t any revocation of probation hearing, the court is . . . free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and a prosecutor."). *See also Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super. 2000) ("[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.").

In contrast, Appellant argues that he is entitled to a dismissal of the probation violation, since there is no testimony or evidence of record regarding what conditions of probation were alleged to be violated without the restitution violation. *See* Appellant's Reply Brief at 1. However, Appellant's argument fails to account for the fact that the reason the record is silent as to his compliance with the other probation requirements may be due to the fact that he stipulated to the restitution violation and did not challenge the legality of the restitution itself at the revocation hearing. Since Appellant conceded that he had failed to pay his restitution, the Commonwealth was not required to put forth evidence of any additional violations that Appellant may have committed in order to support its case for revocation.

Since Appellant raised the issue of restitution illegality for the first time on appeal, and the trial court has requested a remand so that it can address Appellant's "remaining allegations of error," we conclude that the most prudent course of action is to remand for a new probation revocation hearing for the 2017 case. *See* Trial Court Opinion, 1/19/21, at 4. At the hearing, the Commonwealth will have the opportunity to prove that Appellant violated one of the other conditions of his probation, and Appellant will have an opportunity to rebut the same.

For the aforementioned reasons, we vacate Appellant's judgment of sentence at CP-23-CR-0000934-2016 and remand for the revocation court to reinstate Appellant's June 25, 2019 revocation sentence, and recalculate the

credit owed for the time served under his previous revocation sentence. At CP-23-CR-0004765-2017, we vacate Appellant's November 16, 2020 sentence, vacate the finding of a probation violation, and remand for the revocation court to hold a new probation revocation hearing without consideration of the illegal restitution order.

Judgment of sentence vacated at CP-23-CR-0000934-2016. Restitution order and finding of probation violation vacated at CP-23-CR-0004765-2017. Cases remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/09/2021