J-S36038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY SHROYER | : | |
| | : | |
| Appellant | : | No. 88 WDA 2022 |

Appeal from the PCRA Order Entered November 22, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000620-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY SHROYER | : | |
| | : | |
| Appellant | : | No. 89 WDA 2022 |

Appeal from the PCRA Order Entered November 22, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000628-2017

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED:  February 24, 2023**

Appellant, Larry Shroyer, appeals *pro se* from the orders of the Court of

Common Pleas of McKean County (trial court) that dismissed his first petitions

filed under the Post Conviction Relief Act ("PCRA") in two criminal cases.[1]  For

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

the reasons set forth below, we affirm the trial court's ruling rejecting one of the grounds asserted in Appellant's PCRA petitions, but vacate in part the trial court's denial of the PCRA petitions and remand for further proceedings to address three claims of PCRA counsel ineffectiveness that Appellant has raised in this appeal.

This case arises out of a fatal drug overdose suffered by George Duke, Jr. (Decedent) and the supplying of drugs to Decedent in 2015. On November 10, 2017, Appellant was charged with the offenses of aggravated assault, involuntary manslaughter, reckless endangerment, possession with the intent to distribute (PWID) heroin, PWID designer drug, possession of heroin, conspiracy to commit aggravated assault, conspiracy to commit involuntary manslaughter, conspiracy to commit PWID heroin, and conspiracy to commit PWID designer drug.[2] On November 16, 2017, Appellant was charged in a second criminal docket with the offense of flight to avoid apprehension.[3]

The charges in both dockets were consolidated for trial and were tried to a jury from October 28 to 31, 2019. Before the case went to the jury, the trial court granted Appellant a judgment of acquittal on the aggravated assault charge and the Commonwealth withdrew the charges of conspiracy to commit

---

[2] 18 Pa.C.S. § 2702(a)(1), 18 Pa.C.S. § 2504(a), 18 Pa.C.S. § 2705, 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(36), 35 P.S. §780-113(a)(16), and 18 Pa.C.S. § 903, respectively.

[3] 18 Pa.C.S. § 5126(a).

aggravated assault and conspiracy to commit involuntary manslaughter. On October 31, 2019, the jury found Appellant guilty of PWID heroin, PWID designer drug, possession of a controlled substance (heroin), conspiracy to commit PWID heroin, conspiracy to commit PWID designer drug, reckless endangerment, and flight to avoid apprehension. N.T. Trial, 10/31/19, at 237. The jury deadlocked on the involuntary manslaughter charge and the trial court declared a mistrial on that charge. *Id.* at 238-39.

On December 5, 2019, the trial court sentenced Appellant to an aggregate sentence of 4 years 5 months to 8 years 10 months' incarceration. Sentencing Order at 1-2. The trial court in its sentence also ordered Appellant to pay costs of prosecution of $12,010.[4] *Id.* at 3. Appellant filed a post sentence motion and the Commonwealth moved to amend Appellant's sentence to add another $4,160 in costs of prosecution. The trial court denied Appellant's post sentence motion, but granted the Commonwealth's motion and on December 13, 2019 modified Appellant's sentence to order Appellant to pay an additional $4,160. Trial Court Order, 12/11/19; Trial Court Order,

---

[4] Although the trial court and Appellant use the term "restitution" to refer to this portion of Appellant's sentence, it is clear from the record that this portion of Appellant's sentence is in fact costs of prosecution, not restitution. ***Commonwealth v. Baney***, 187 A.3d 1020, 1024 (Pa. Super. 2018). On remand, which we order below, we direct the trial court to amend its sentencing order and order of December 13, 2019 to state that Appellant is ordered to pay the amounts in question as costs of prosecution, not restitution.

12/13/19. Appellant appealed and this Court affirmed Appellant's judgment of sentence on August 19, 2020. *Commonwealth v. Shroyer*, 240 A.3d 177 (Pa. Super. 2020) (unpublished memorandum). Appellant did not file any petition for allowance of appeal.

On April 19, 2021, Appellant filed timely first PCRA petitions in both dockets and the trial court appointed PCRA counsel for Appellant, who filed an amended PCRA petition in both dockets. In these amended PCRA petitions, Appellant asserted the following four grounds for relief: 1) that trial counsel was ineffective for failing to request a DNA expert and for failing to challenge the Commonwealth's DNA expert; 2) that trial counsel was ineffective for failing to request a jury instruction to separate the evidence of guilt from the two dockets; 3) that trial counsel was ineffective for failing to obtain transcripts of prior testimony of Appellant's co-defendants who pled guilty to conspiring with Appellant for use to impeach their testimony at his trial; and 4) that the costs portion of Appellant's sentence was illegal because it included expenses related to Decedent's death and he was not convicted of causing the death.

On October 1, 2021, the trial court held a hearing on Appellant's PCRA petitions. At the beginning of the PCRA hearing, Appellant's PCRA counsel requested a continuance and funds to obtain a DNA expert and the trial court denied that request. N.T. PCRA at 5-7. The hearing proceeded and Appellant's trial counsel was the only witness who testified. No documents were

introduced in evidence at the PCRA hearing. On November 22, 2021, the trial court denied Appellant's PCRA petitions in their entirety. Appellant filed timely *pro se* appeals in both dockets,[5] which this Court consolidated *sua sponte*, and on February 18, 2022, filed an application in this Court to represent himself in these appeals. This Court remanded the cases to the trial court to determine whether PCRA counsel still represented Appellant and to hold a **Grazier**[6] hearing if Appellant was entitled to counsel but wished to proceed *pro se*. On remand, the trial court held a **Grazier** hearing and determined that Appellant wished to represent himself on appeal and that his waiver of counsel was knowing, voluntary, and intelligent. Trial Court Order, 3/23/22.

In these appeals, Appellant raises five issues: 1) that PCRA counsel was ineffective in litigating the DNA expert claim, 2) that the trial court erred in rejecting the claim in his PCRA petitions that his costs of prosecution sentence was illegal, 3) that PCRA counsel was ineffective in litigating the co-defendant transcript claim, 4) that PCRA counsel was ineffective in failing to assert a

---

[5] The Commonwealth's contention that the appeals were untimely is without merit. Although the notices of appeal were received by the trial court on December 30, 2021, under the prisoner-mailbox rule, a document filed by a *pro se* defendant who is incarcerated is considered filed on the date that he delivered it to prison authorities for mailing, regardless of when it is received. **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019). The record shows that Appellant delivered the notices of appeal to prison authorities for mailing on December 21, 2021, within the 30-day appeal period. **See** Prison Postage Slips attached as Exhibits to Docketing Statements in both appeals.

[6] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

claim that trial counsel was ineffective for failing to seek a mistrial or substitution of alternate jurors when jurors fell asleep at trial, and 5) that PCRA counsel was ineffective in failing to assert a claim that trial counsel was ineffective because he had a conflict of interest. Appellant's Brief at 4-5.[7] Because Appellant's second issue does not involve claims of ineffectiveness of PCRA counsel, we address that issue first.

Our review of the denial of a PCRA petition is limited to determining whether the record supports the court's findings and whether the court's decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*). We must view the court's findings and the evidence of record in a light most favorable to the prevailing party, and the court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Johnson*, 236 A.3d at 68; *Commonwealth v. Widgins*, 29 A.3d 816, 820 (Pa. Super. 2011).

The trial court found that Appellant was not entitled to relief on his claim that the costs portion of his sentence was illegal because he failed to show that the costs that he was ordered to pay included expenses incurred solely

---

[7] Appellant's statement of issues sets these forth as seven issues. However, both the first and third issues that Appellant lists relate to his DNA expert claim and assert ineffectiveness of PCRA counsel with respect to that claim and Appellant's fourth and fifth issues both assert ineffectiveness of PCRA counsel with respect to his co-defendant transcript claim. We accordingly have restated Appellant's issues as the above five issues.

with respect to Decedent's death, as opposed to expenses of proving the drug offenses of which Appellant was convicted. Trial Court Opinion and Order at 7-8. The trial court noted that the most that Appellant showed was that the label "DEATH INVESTIGATION" appeared on some material, but concluded that this did not show that the expenses related solely to the death because the investigation into Decedent's death and the drugs found with him was an intermingled investigation. *Id.* at 8.

These findings are supported by the record. Appellant did not introduce any documents on which the costs order was based at the PCRA hearing. Trial counsel was questioned on this subject and testified that he believed that he received a breakdown of the costs and that none of those costs could be attributed to the charges that were dismissed or as to which a mistrial was declared. N.T. PCRA at 23-27. The only evidence in the record to which Appellant points as showing that the costs included expenses related solely to Decedent's death is the fact that the Commonwealth's DNA expert's bill is labeled "DEATH INVESTIGATION." Appellant's Brief at 22. That, however, does not show that any expense that Appellant was ordered to pay was related to charges of which Appellant was not convicted. To the contrary, the DNA expert's testimony, for which this bill was incurred, concerned whether Appellant's DNA was on packets of drugs, which relates to the PWID charges of which he was convicted, not to the cause of Decedent's death or solely to the issue of whether Appellant caused Decedent's death. N.T. Trial, 10/29/19,

at 118-20, 123-24, 126-34. Because the trial court's finding that Appellant did not prove his claim concerning costs of prosecution is supported by the record, Appellant is not entitled to relief on this issue.

Appellant's remaining issues are all claims of ineffectiveness of PCRA counsel raised for the first time in this appeal, after PCRA counsel no longer represented him. These claims are properly before us. In **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court held that a defendant may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal. 261 A.3d at 401-05.

To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. **Commonwealth v. Montalvo**, 205 A.3d 274, 286 (Pa. 2019); **Mason**, 130 A.3d at 618; **Commonwealth v. Selenski**, 228 A.3d 8, 15 (Pa. Super. 2020). The defendant must satisfy all three prongs of this test to obtain relief on an ineffective assistance of counsel claim. **Montalvo**, 205 A.3d at 286; **Mason**, 130 A.3d at 618; **Johnson**, 236 A.3d at 68. In addition, because Appellant is asserting a layered claim that PCRA counsel was ineffective with respect to claims of ineffectiveness of trial counsel, he must

satisfy the three prongs of the ineffectiveness test with respect both PCRA counsel and trial counsel. *Montalvo*, 205 A.3d at 286; *Commonwealth v. McGill*, 832 A.2d 1014, 1022-23 (Pa. 2003).

The Supreme Court recognized in *Bradley* that because claims of ineffectiveness of PCRA counsel raised for the first time on appeal have not been addressed by the lower court, this Court must determine whether the record is adequate to address those claims and consider whether they should be remanded for further development of the record. 261 A.3d at 402. As the Supreme Court explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness[;] however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

*Id.* (citations, brackets, and quotation marks omitted). Applying this guidance to Appellant's four claims of ineffectiveness assistance of PCRA counsel, we conclude that remand for further development of the record is necessary with respect to three of these claims.

The trial court did address two of the claims as to which Appellant asserts ineffective assistance of PCRA counsel, his DNA expert claim and his claim concerning transcripts of co-defendants. These rulings, however, do not

- 9 -

resolve or preclude the claims of ineffectiveness of PCRA counsel that Appellant asserts in this appeal.

The trial court denied Appellant's DNA expert claim on the ground that no defense DNA expert was necessary because trial counsel was able without an expert to show through cross-examination that Appellant's DNA could have gotten on the drug packets indirectly if the packets touched a surface that Appellant had touched. Trial Court Opinion and Order at 5-6. But that was not the sole issue on which Appellant's PCRA petition asserted that a defense expert was necessary. Appellant's PCRA claim on this issue was that trial counsel was ineffective for failing to obtain a DNA expert who would have testified that Commonwealth's expert's methods were too unreliable to reach any conclusion that DNA found on the drug packets was Appellant's DNA. N.T. PCRA at 7; Appellant's PCRA Brief at 1-2. Expert testimony that it could not be concluded that Appellant's DNA was on the drug packets at all is of a substantially different and greater value in defending against the PWID crimes of which Appellant was convicted than merely showing that it was possible that his DNA could have gotten on the drug packets without him handling them.

In addition, Appellant's DNA expert claim and claim of ineffectiveness of PCRA counsel in litigating this claim raise issues that require an opportunity to develop a record and are not mere boilerplate. A positive link using accepted DNA analysis is generally based on odds of at least millions or billions

to one. ***Commonwealth v. McClellan***, 178 A.3d 874, 882 (Pa. Super. 2018) (Ott, J., concurring). The Commonwealth's DNA expert's opinion that Appellant's DNA was on the packets, however, was based on a range of probability of only 1.02 thousand to 1 to 28.5 thousand to 1, in contrast to her testimony that there was 2.6 nonillion (26 followed by 29 zeros) to 1 or greater probability that the other DNA found on the packets was Decedent's. N.T. Trial, 10/29/19, at 128-29, 131, 134-36. Under these circumstances, it cannot be concluded that Appellant, if given the opportunity to do so, could not show that PCRA counsel and trial counsel could have obtained an expert to challenge the reliability of the Commonwealth's DNA expert. If Appellant shows that such an expert could be obtained, PCRA counsel's failure to seek such an expert before the day of the PCRA hearing could constitute ineffective assistance of PCRA counsel that denied Appellant the opportunity to prove this claim for PCRA relief. Remand is therefore necessary to permit development of a record on this issue.

Remand is likewise necessary on the issue of PCRA counsel's ineffectiveness in litigating the co-defendant transcript issue. The trial court rejected the claim that trial counsel was ineffective for failing to obtain transcripts of the co-defendants to impeach their testimony on the ground that the transcripts were not introduced in evidence at the PCRA hearing. Trial Court Opinion and Order at 7. This determination does not negate Appellant's claim that PCRA counsel was ineffective on this issue, which is based on that

very fact on which the trial court based its denial of the claim, PCRA counsel's failure to obtain and present the transcripts that were necessary to prove this PCRA claim. Moreover, the record in these appeals is not sufficient to permit a determination whether this claim of PCRA counsel ineffectiveness has merit. Trial counsel testified that he did not know what statements the co-defendants made at their plea hearings and that he did not present any evidence to impeach the co-defendants. N.T. PCRA at 11-14. There is nothing in the record from which it can be determined whether the transcripts had any inconsistent statements or impeachment value, as none of those transcripts are in this record.

Appellant's remaining two claims involve failure of PCRA counsel to raise other claims of trial counsel ineffectiveness, neither of which has been addressed at all by the trial court. We conclude that the first of these claims of PCRA counsel ineffectiveness requires remand, but that the second does not.

Appellant's claim that PCRA counsel should have raised a trial counsel ineffectiveness claim with respect to jurors sleeping during trial involves factual issues that require further development of the record before they can be addressed. Appellant has shown that there is some evidence that one or more of the jurors was falling asleep on at least two occasions, that the trial judge in response took a break and instructed the jurors that they needed to stay awake, and that trial counsel did not seek any further remedy for that

situation on those two occasions. N.T. Trial, 10/29/19, at 124-26; N.T. Trial, 10/31/19, at 151-52. It cannot be determined from the record before us whether the same juror or jurors were falling asleep, how long they were inattentive, or whether the measures taken by the trial judge solved the problem. The Commonwealth's sole response on this issue is to claim that no jurors were asleep, Appellee's Brief at 20, an assertion that appears to be contradicted by the trial judge's statement on the record that "jurors are sleeping." N.T. Trial, 10/29/19, at 124.

In contrast, the record is sufficient to address Appellant's claim that PCRA counsel was ineffective for failing to raise a claim for relief based on trial counsel conflict of interest. In this claim, Appellant asserts that he had a meritorious claim of ineffective assistance of trial counsel because trial counsel also represented a jailhouse informant who testified at trial that while he and Appellant were jailed on the same cellblock, Appellant bragged about selling drugs to Decedent. The conflict issue was fully disclosed and addressed at trial and the record shows that counsel did not knowingly undertake any representation that conflicted his representation of Appellant. Rather, the conflict arose on the eve of trial when the witness, whom trial counsel represented in an unrelated matter and who trial counsel had no reason to believe had any connection or knowledge relevant to Appellant's case, reported to the Commonwealth that Appellant had made the admissions to which he testified. N.T. Trial, 10/29/19, at 239-42.

This sudden event, in which trial counsel had no involvement and which occurred so late that withdrawal by trial counsel would have prejudiced Appellant, did create a conflict because trial counsel was placed in a position of cross-examining a witness who happened to also be a client. To show ineffectiveness of counsel based on a conflict of interest, however, a defendant must show both that counsel actively represented conflicting interests and that the conflict of interest adversely affected counsel's performance. **Commonwealth v. Tharp**, 101 A.3d 736, 754 (Pa. 2014); **Commonwealth v. Collins**, 957 A.2d 237, 251 (Pa. 2008); **Commonwealth v. Davis**, 225 A.3d 582, 589 (Pa. Super. 2019). Appellant's conflict claim fails to satisfy the second of these requirements. The trial transcript shows that trial counsel fully cross-examined the witness, bringing out that the witness had not reported that Appellant made the statements when they occurred and that he reported Appellant's admissions only after Appellant had made a complaint that caused the witness to be removed from the cellblock. N.T. Trial, 10/29/19, at 252-54. Since Appellant has not shown that trial counsel was ineffective in this regard, his claim of PCRA counsel ineffectiveness for failure to assert this claim necessarily fails. **McGill**, 832 A.2d at 1022-23.

Because Appellant has not demonstrated that the trial court erred in rejecting his claim for PCRA relief with respect to the costs portion of his sentence, we affirm its denial of that claim. Appellant, however, has asserted claims of ineffective assistance of PCRA counsel concerning failure to obtain a

DNA expert, failure to obtain transcripts for cross-examination, and jurors falling asleep during his trial that require further development of the record before they can be addressed. Accordingly, we vacate the trial court's orders insofar as they deny Appellant's PCRA petitions in their entirety and remand for further proceedings to address those three ineffectiveness claims.

Orders affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2023